[Civ. No. 12255. Second Appellate District, Division One.—March 26, 1941.]

EI JITSUDA, Appellant, v. J. L. HIRT, Respondent.

Lorrin Andrews for Appellant.

Kenneth J. Murphy for Respondent.

YORK, P. J.—The accident which forms the basis of the instant litigation occurred in the city of Los Angeles on August 7, 1937, at approximately 1:50 o'clock in the morning at the intersection of East First Street and Central Avenue.

It appears from the record herein that appellant, the proprietor of a Japanese noodle shop, left her place of business at the time stated and was on her way home. She walked west on the south side of First Street for a short distance, crossed Central Avenue and said "hello" to a friend, who was standing near the traffic signal at the southwest corner of the intersection. Appellant paused for a moment at this point, looked both to the east and to the west,

and saw no automobile traffic approaching from the west, but did see the headlights of an automobile coming toward the intersection from beyond Alameda Street which was the first street east of the intersection in question. She thereupon started to walk in a northerly direction across First Street and had progressed to a point slightly north of the street car tracks in the center of the street, when she suddenly saw respondent's automobile very close to her, and remembered nothing more.

Respondent made a right-hand turn into First Street from Alameda and was proceeding westerly on First Street east of its intersection with Central Avenue. In the meantime a truck which had been traveling south on Central Avenue reached the intersection and was preparing to make a left-hand turn into First Street, when respondent passed in front of, or "made a little curve right ahead" of the truck and collided with appellant.

At the outset of the trial, by agreement of counsel, the question as to whether appellant was walking within or without the lines of the crosswalk was made a disputed issue.

At the close of the trial, the jury brought in a verdict in favor of respondent. From the judgment which was thereafter entered pursuant to such verdict, this appeal is prosecuted, as well as from an order by which appellant's motion for a new trial was denied.

■ Appellant urges that the evidence is insufficient to sustain the implied findings that respondent was not negligent and that appellant was contributorily negligent. Also, that the court committed prejudicial error in giving two specified instructions to the jury.

First Street runs in a general easterly and westerly direction. However, west of its intersection with Central Avenue its course turns to the north approximately 25 degrees from its course east of the intersection, and the curb lines of the two streets "on the northwest corner of the intersection form an acute angle of approximately 50 degrees by reason of the further angular intersection of Central Avenue from the north, this angle being approximately 15 degrees west." North of its intersection with First Street, Central Avenue is fifty-five feet wide and south thereof narrows down to thirty-four feet. As result of such irregularity in the way the two streets intersect and are laid out, a pedestrian crossing First Street

from the southwest corner to the northwest corner (as appellant attempted to do), following any line parallel to the extended westerly line of Central Avenue, would of necessity be walking in a northwesterly direction with his back partially turned toward traffic approaching the intersection from the east.

Appellant testified that she walked straight across First Street from the southwest to the northwest corner of the intersection, and fixed the point of impact slightly to the north of the northerly rail of the street car tracks which, according to the mark which she made on the map of the particular location used at the trial, would be about twelve feet west of the extended westerly curb line of Central Avenue, and also about twenty-five feet east of the point of impact as fixed by the witness Yanaka. The witness Hashimoto placed the point of impact as approximately nine feet west of the westerly boundary of the crosswalk.

Respondent testified that he shifted to second gear as he approached Central Avenue; "I just come in high gear, was across, and I heard somebody scream and I applied the brake. I thought I hit somebody, and all of a sudden she darted in front of me with her arms up, and then it happened"; that his car had passed the intersection before he saw Mrs. Jitsuda; that he put on his brake when he saw her, just before he struck her; that she was about three feet from him, coming from the left side, "right in the reflection of lights." Respondent indicated on the map the point of impact as being about thirty-five feet west of the point fixed by appellant in her testimony. He further testified that his car went about ten feet after he struck appellant; that he knocked her ten or twelve feet; that he was traveling at a speed of about twenty miles per hour and the skid marks extended along the pavement a distance of about twenty-two feet.

Upon cross-examination, appellant testified that before crossing First Street, she looked to her right and saw the headlights of one automobile and that she did not again see the lights of that automobile or any other until she was struck. In answer to the question: "If you were watching it (the light) did you see it again, then, from the time you first saw it more than a block and a half away?" appellant replied: "No, I didn't watch it, but from the first time I saw it I thought it was safe for me to cross"; and that when

she saw the headlights close to her, she tried to avoid the automobile by turning her body.

In rebuttal it was shown that a Japanese festival was in progress at the time in question and that, in addition to the ordinary street light at the corner of the intersection, a number of Japanese lanterns extending along First Street between Central Avenue and Los Angeles Street were lighted. However, one of the police officers, who arrived at the scene after the accident occurred, testified he saw no lanterns and that the locality was dark; furthermore, that appellant instead of being unconscious, as she testified, was sitting up talking to the people around her and walked into the ambulance.

From the evidence shown by the record herein, the jury was justified in inferring that appellant was walking outside the crosswalk at the intersection, and that she was guilty of contributory negligence when she continued to walk across First Street without ascertaining if it could be done in safety, in view of the fact that she was familiar with the irregular course of the street requiring her to practically turn her back to respondent's automobile which she knew was approaching from the east, at a speed which she estimated to be around forty miles an hour.

A careful check of all the instructions which were given to the jury discloses that it was fully and fairly informed with respect to the law applicable to the facts before it and that appellant suffered no prejudice in that regard.

The appeal from the order denying the motion for new trial is dismissed; the judgment is affirmed.

Doran, J., and White, J., concurred.